UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

KAREEM COOPER,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK & N.Y.C.
POLICE OFFICERS SHIBU MADHU
AND JIMMY HELLERSON, EACH
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

                              Defendants.

-------------------------------------------------------X

**CV 12    4521**

GLEESON, J.

VERIFIED
COMPLAINT
AND DEMAND FOR
A JURY TRIAL

POHORELSKY, M.J.

1.   This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, by reason of the unlawful acts of defendants.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3.   Plaintiff is a resident of New York City, New York County, State of New York.

4.   At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of his employment. They are sued individually and in their official capacities as New York City Police Officers.

5.   The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS

"City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about March 16, 2011, at approximately 2:00 A.M., plaintiff and his wife were in their apartment at 469 Tompkins Avenue, in Brooklyn, New York.,

10. At that time, they got into a verbal altercation over him not answering his phone earlier in the evening and his coming home late.

11. Ms. Wallace called 911 and reported a domestic dispute because she wanted plaintiff out of the apartment for the night.

12. By the time the police arrived, things had calmed down and Ms. Wallace no longer wanting plaintiff to leave.

13. Ms. Wallace told this to the officers, but they refused her request.

14. The officers suggested to Ms. Wallace that she tell them that plaintiff had hit her so they could arrest him, but she denied that he had done so, and asked the officers to leave.

15. Rather than leave, the officers confronted plaintiff who was lying on the couch in the living room in his boxer shorts and t-shirt.

16. They told him that he was intoxicated and should leave the apartment.

2

17.    Plaintiff told them that this was his house and he was not going anywhere.

18.    The defendant officers then told him that either he leaves or they will lock both of you.

19.    Plaintiff responded with words to the effect, "okay, lock us both up."

20.    The police then surrounded plaintiff, and the Officer Madhu proceeded to grab plaintiff and physically assault him.

21.    Defendant officer Hellerson and other officers also assaulted plaintiff.

22.    During the arrest, plaintiff's front tooth was broken in half and he sustained other injuries to his head and body.

23.    Plaintiff was arrested and charged with assault on the officers and various other crimes.

24.    Defendant officer Madhu later claimed in the criminal court complaint and at trial that he had told plaintiff to come with them so that he could take him to the hospital due to his being dangerously intoxicated.

25.    Plaintiff was not dangerously intoxicated, nor was he ever medically treated for said alleged condition.

26.    Plaintiff was convicted at a bench trial of attempted assault on the officer.

27.    Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

28.    Defendant City and N.Y.P.D. knew or should have known that prior to this arrest date, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of

3

excessive force and the infliction of injury to persons in the custody of Defendants officers was occurring, in that there were reports of such unlawful conduct by these specific officers

29. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## FIRST CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
### (EXCESSIVE FORCE)

30. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

31. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

32. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

33. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
### (Monell Claim)

34. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

35. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and plaintiff, violating plaintiff's rights to freedom from the use of excessive and unreasonable

4

force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

36.    As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1.    Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2.    Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3.    Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4.    Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
          March 24, 2012

RESPECTFULLY,

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325Broadway, Suite 505
 New York 10007
(212) 941-8330
(SH-0585)

6

<u>VERIFICATION</u>

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       August 24, 2012

_____
STEVEN A. HOFFNER, Esq.

7